# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| ANTWION HOLMES-DODSON, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| vs. | ] | **Case No:** |
| | ] | |
| NASHVILLE SKIN AND CANCER, PLC | ] | **JURY DEMAND** |
| | ] | |
| **Defendant.** | ] | |

## COMPLAINT

Comes now the Plaintiff, Antwion Holmes-Dodson, by and through counsel and for cause of action will respectfully show to the Court as follows:

## JURISDICTION & VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*., and 42 U.S.C. § 1981. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

2. The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITE

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000e, *et seq*. A Notice of Right to Sue was issued on May 23, 2022 a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

4.    Plaintiff, Antwion Holmes-Dodson, is an adult male individual and citizen of the United States who resides in Nashville, Tennessee.

5.    At all relevant times, Mr. Holmes-Dodson (hereinafter referred to as "Plaintiff" or "Mr. Holmes-Dodson") was an employee of Nashville Skin and Cancer, PLC (hereinafter referred to as "Defendant" or "Nashville Skin"), within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(f).

6.    Defendant is a limited liability company or similar business entity and regularly conducts business in Nashville, Tennessee.

7.    At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8.    Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## FACTUAL ALLEGATIONS

9.    Mr. Dodson-Holmes began his employment with Defendant on September 8, 2020 as a Front Desk Receptionist.

10.    Throughout his employment, Mr. Holmes-Dodson received only positive performance reviews.

11.    Mr. Holmes-Dodson did not receive any complaints or warnings about his performance.

12.     Shortly after beginning his employment, Mr. Dodson-Holmes met with his supervisor, Jason Seeman, after several employees commented on his sexuality and race.

13.     Following this conversation, Mr. Seeman indicated that he would take care of it.

14.     Upon information and belief, Mr. Seeman took no action following these complaints.

15.     In March 2021, Mr. Holmes-Dodson continued to experience sexual harassment and discrimination in the workplace.

16.     On one occasion, a female coworker, Mackenzie Billbrey, discussed her breast size in front of Mr. Holmes-Dodson and a customer.

17.     Specifically, Ms. Billbrey asked Mr. Holmes-Dodson if he thought she should pursue breast augmentation surgery.

18.     Mr. Dodson-Holmes told this coworker he was uncomfortable, but she continued.

19.     Mr. Dodson-Holmes brought this incident to the attention of Mr. Seeman, who once again assured him that he would investigate.

20.     In April 2021, Mr. Holmes-Dodson's team lead, Montana Matuk, grabbed Mr. Holmes-Dodson's buttocks and shimmied her breasts towards him while laughing.

21.     A front desk assistant, Priscilla Ramirez, witnessed the encounter and encouraged Mr. Holmes-Dodson to report the incident to his supervisor.

22.     Mr. Holmes-Dodson was hesitant to make another report after the lack of action taken in response to his prior reports.

23.     As a result of the stress of harassment and fear of reporting, Mr. Holmes-Dodson had a panic attack.

24.     After recovering from his panic attack, Mr. Holmes-Dodson made another report to Mr. Seeman.

25.     Mr. Seeman told Mr. Holmes-Dodson that he would investigate the complaint himself before taking it to Human Resources.

26.     Following his third report, another employee, Ayana Nuwer, asked Mr. Holmes-Dodson if his "buttocks were real" because it was "so perky."

27.     Ms. Nuwer also shared information about her romantic partners genitals with Mr. Holmes-Dodson.

28.     During this same conversation, Ms. Nuwer asked Mr. Holmes-Dodson about his race, and questioned if he was African American because he did not "have a dark complexion."

29.     Around this same time. Mr. Seeman encouraged Mr. Holmes-Dodson to talk with potential clients who were from predominantly Black neighborhoods, stating that these potential clients were "his people."

30.     Mr. Holmes-Dodson once again made a complaint to Mr. Seeman.

31.     Mr. Seeman responded that certain employees had medical conditions which may excuse their discriminatory and harassing behaviors.

32.     Mr. Seeman's also advised Mr. Holmes-Dodson to "ignore" this behavior.

33.     Further, Mr. Seeman's suggested that another location may be a better fit for Mr. Holmes-Dodson because it had more employees of Mr. Holmes-Dodson's same race.

34.     On April 25, 2021, Defendant terminated Mr. Holmes-Dodson for "not following protocol" after an incident with a provider in which he followed the protocol in the employee handbook.

35.     Defendant's reason for terminating Plaintiff is pretext.

36.     Mr. Holmes-Dodson was discriminated against based on his race and gender and retaliated against after making repeated reports about sexual and racial harassment throughout the course of his employment.

**COUNT I – SEX DISCRIMINATION**
**(42 U.S.C. § 2000e-2(a)(1)**

37.     Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

38.     Plaintiff is a male and a member of a protected class under Title VII of the Civil Rights Act.

39.     Plaintiff was qualified for his position.

40.     Plaintiff was subjected to disparate treatment because of his sex in violation of Title VII of the Civil Rights Act.

41.     Defendant is vicariously liable for the actions of its management and supervisors.

42.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

43.     As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

**COUNT II – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-3**
**(RETALIATION)**

44.     Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

45.     Plaintiff engaged in protected activity under Title VII by reporting sexual harassment.

46.     Defendant took adverse employment actions against the Plaintiff evidenced by his termination.

47.     Pursuant to 42 U.S.C. § 2000e-3, Plaintiff was entitled to engage in and assert protected activities and rights without retaliation.

48.     A causal link exists between the Defendant's decision to terminate Plaintiff and Plaintiff engaging in protected activity.

49.     Defendant did not terminate Plaintiff for a legitimate, non-retaliatory reason and any reason given by Defendant would be pretextual in nature.

50.     As the direct and proximate result of Defendant's knowing and willful violation of the Title VII, Plaintiff has suffered grave and substantial damages, wherefore Defendant stands liable to Plaintiff for reinstatement (or front pay), the payment of wages lost, out-of-pocket expenses, compensatory damages, punitive damages, reasonable attorney's fees and prejudgment interest.

### COUNT III – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2 (HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT)

51.     Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

52.     Plaintiff is a male and a member of a protected class.

53.     Plaintiff was subjected to unwelcome sexual harassment in the form of sexual advances and/or other verbal or physical conduct of a sexual nature.

54.     The harassment was based upon his sex.

55.     The sexual harassment was sufficiently severe and pervasive to alter the terms and conditions of his employment and to create a hostile work environment.

56.     Defendant knew of Mr. Holmes-Dodson's reports of sexual harassment by coworkers and failed to act or reasonably act on its knowledge.

57.     Defendant is liable for its negligence.

58.     As a direct and proximate result of the acts and/or omissions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

59.     As a direct and proximate result of such acts and/or omissions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

## COUNT VII- VIOLATION OF 42 U.S.C. § 1981
### (RACIAL DISCRIMINATION, HARRASSMENT, AND HOSTILE WORK ENVIRONMENT)

60.     Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

61.     Plaintiff is Black and a member of a protected class.

62.     Plaintiff was subject unwelcome racial harassment.

63.     The harassment was based on his race.

64.     The racial harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment.

65.     Defendant knew of Mr. Holmes-Dodson's reports of sexual harassment by coworkers and failed to act or reasonably act on its knowledge.

66.     Defendant is liable for its negligence.

67.     As a direct and proximate result of the acts and/or omissions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

68.     As a direct and proximate result of such acts and/or omissions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

7

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1)     all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2)     a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3)     attorney's fees, interest and costs; and

(4)     any such other legal or equitable relief as may be appropriate or to which he may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

 **/s/ LAUREN IRWIN**
**JONATHAN STREET, BPR No. 021712**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Ste 402
Nashville, TN 37203
(615) 850-0632
street@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

8